# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

David W. Napier and Candice J. Napier,

Debtors.

C/A No. 06-02464-JW

Chapter 13

**ORDER**

FILED
at ___ O'clock & ___ min ___
SEP 18 2006
United States Bankruptcy Court
Columbia, South Carolina (tc)

ENTERED
SEP 18 2006
J.G.S.

This matter comes before the Court upon an objection to plan confirmation filed by chapter 13 trustee William K. Stephenson, Jr. ("Trustee"). Trustee opposes confirmation on grounds that David W. Napier and Candice J. Napier ("Debtors") are not committing their projected disposable income to their proposed plan. Debtors are above median income and calculated their projected disposable income under the means test pursuant to 11 U.S.C. § 1325(b)(3).[1] At issue is whether Debtors may include two non-dependent adults as household members for purposes of the means test and the amount of Debtors' reasonable telecommunication costs.

### A.    Debtors' Household Members

Debtors allow the daughter of a close family friend and her fiancé to live in their residence without rent or other payment. Debtors have agreed to allow these boarders to reside with them while the boarders attend college. Debtors expect that the boarders will reside with them until December of 2007. Debtors seek to include these individuals as members of their household for purposes of determining their allowed deductions under the National and Local Standard deductions allowed by the means test. See 11 U.S.C. § 707(b)(2)(A)(ii)(I). Debtors acknowledge that the boarders are not their dependents.

---

[1] Future references to the Bankruptcy Code shall be made by section number only.

Section 707(b)(2)(A)(ii)(I) allows Debtors to reduce their income by "applicable monthly expense amounts specified under the National Standards and the Local Standards ... issued by the Internal Revenue Service ... for the debtor, the dependent of the debtor, and the spouse of the debtor...." Though the language in § 707(b)(2)(A)(ii)(I) is awkwardly worded, it indicates that the expenses must relate to dependents of Debtors in order to allow Debtors to increase their applicable means test deductions. This interpretation is supported by the legislative history of § 707(b), which also indicates that the standard deductions allowed by § 707(b)(2)(A)(i) must be made with reference to Debtors' dependents. See H.R. Rep. No. 109-31(I), at 48 (2005).

Debtors assert that § 1325(b)(3) and Official Form B22C allow for the inclusion of the boarders in the means test calculation since this statute and the form each reference members of Debtors' "household," not a defined term but presumably a broader term than "dependent." See 26 U.S.C. § 152 (defining "dependent") Though § 1325(b)(3) makes reference to members of a debtor's household for purposes of determining whether to apply the means test in a chapter 13, it must be read in conjunction with § 707(b)(2)(A)(ii)(I), which allows expenses only associated with a debtor, his spouse, and dependents. The legislative history for § 1325(b)(3) also does not indicate that this section is intended to alter or expand the means test calculation. See H.R. Rep. No. 109-31(I), at 52-53 (2005).

Furthermore, in this Court's view, additional expenses incurred in boarding non-dependents are not "reasonable" or "necessary," as required by § 1325(b)(3). While the Debtors' acts are admirable, Debtors should not be allowed to voluntarily put the needs of these non-dependents above their obligation in this bankruptcy to their unsecured creditors, as this would appear to contradict § 1325(b)(1)(B) and indicate a lack of good faith in proposing their plan. To the extent that Official Form B22C indicates that Debtors may include the boarders in the means

test calculation, it must yield to the plain language of § 707(b)(2), which only allows Debtors to include dependents. Based upon the foregoing, the Trustee's objection is sustained.

### B.    Debtors' Telecommunication Costs

Trustee also objects to Debtors inclusion of $330.00 per month in telecommunication costs. Debtors are allowed to deduct their actual expense for telecommunication services from disposable income as an "other necessary expense." See 11 U.S.C. § 707(b)(2)(A)(ii)(I). Pursuant to § 1325(b)(2) and (3), this expense must be reasonable and necessary. Debtors bear the burden of demonstrating that this expense is actual, reasonable, and necessary. See In re Johnson, 346 B.R. 256, 257 (Bankr. S.D. Ga. 2006).

Mrs. Napier testified that Debtors pay for the following telecommunication services: $25.00 per month for a land based telephone line; $60.00 per month for a cellular telephone; and between $80.00 and $100.00 per month for internet access. Mrs. Napier works from home and relies upon internet access in her employment. The Court finds that these expenses are actual, reasonable, and necessary and therefore allows Debtors $175.00 per month in telecommunication expenses.

Based upon the foregoing, Trustee's objection to confirmation is sustained. Debtors may not include the boarders as members of their household for purposes of the means test. Debtors may deduct $175.00 per month for their telecommunication costs.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
September 18, 2006